ORIGINAL

# In the United States Court of Federal Claims

No. 18-735C

(Filed: May 30, 2018)

FILED

MAY 3 0 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETER TREADWAY,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DISMISSAL ORDER

WHEELER, Judge.

    Plaintiff Peter Treadway filed a *pro se* complaint in this Court against all tobacco companies, including Philip Morris and R.J. Reynolds Tobacco Company, for alleged acts of willful harm and constitutional violations. Mr. Treadway filed this complaint on behalf of his friend, Ms. Mary Zaplinty. Pursuant to its inherent authority, the Court *sua sponte* DIMISSES Mr. Treadway's complaint for lack of subject-matter jurisdiction because he neither alleges a claim against the United States nor identifies any separate source of substantive law creating a right to monetary damages.

### Background

    On May 23, 2018, Mr. Treadway filed a complaint in this Court, seeking justice for his friend, Mary Zaplinty. Compl. at 1. Mr. Treadway notes that he files this complaint as a "good Samaritan" acting on Ms. Zaplinty's behalf. Id. According to Mr. Treadway's complaint, Ms. Zaplinty is an avid smoker who has tried to quit smoking in the past. Id. Despite her attempts to quit, Ms. Zaplinty has failed to do so and now suffers from emphysema. Compl. at 1, 3. Mr. Treadway alleges that tobacco companies add "drugs, chemicals, and poison" to tobacco in order to make smoking addictive. Id. at 1-2. Mr. Treadway asserts that companies' knowingly adding harmful and addictive chemicals to

tobacco despite proven, negative effects is a constitutional violation. Id. at 4. Mr. Treadway names Philip Morris, R.J. Reynolds Tobacco Company, and all tobacco companies as defendants. Id. at 1.

## Discussion

Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. See, e.g., Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). When deciding whether there is subject-matter jurisdiction, the court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* litigants are generally held to a lower standard in their pleadings, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

This Court only has jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims.").

Mr. Treadway has not named any federal agency or the United States as a defendant. Instead, he has named private tobacco companies as the defendants in this case. Thus, Mr. Treadway's complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant.

Additionally, Mr. Treadway fails to identify any separate source of substantive law creating a right to monetary damages. In his complaint, Mr. Treadway mentions that the named defendants have issued large payouts in similar actions, but he does not ask for

monetary relief; he also fails to identify a money-mandating statute that would entitle him to monetary relief. As such, this Court lacks jurisdiction over Mr. Treadway's claim.

Lastly, Mr. Treadway files this complaint on behalf of a friend, which is not allowed under the Court's rules regarding *pro se* litigants. RCFC 83.1(a)(3) states that an individual may represent oneself or a member of one's immediate family but may not represent any other person in any proceeding before this Court. Mr. Treadway files the complaint on behalf of his friend, Ms. Zaplinty, and does not represent that Ms. Zaplinty is a member of his immediate family; rather, Mr. Treadway explains that he is only a "good Samaritan." The Court rules do not allow for such a filing.

## Conclusion

For the foregoing reasons, the Court DISMISSES Mr. Treadway's complaint without prejudice for lack of subject-matter jurisdiction. The Clerk of the Court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge